[Civ. No. 9993. Second Appellate District, Division Two.—December 5, 1934.]

COUNTY OF LOS ANGELES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN MORRIS JONES, Respondents.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Petitioner.

Everett A. Corten for Respondents.

SCOTT, J., *pro tem.*—On September 13, 1933, respondent Jones applied to the department of charities of Los Angeles County for aid. His application was allowed and aid was granted to him as an "open welfare case" in the form of food, shelter and incidental cash. On November 21, 1933, he was given a work order for five days of six hours a day at forty cents an hour, as a part of his aid, to be paid out of welfare funds in said charities department.

Three days later, while occupied with work pursuant to the work order, he broke a bone in his right hand, for which respondent commission awarded him compensation.

 Act 5815, section 1, Deering's General Laws (1933 Supp., p. 2042; Stats. 1933, p. 2005), in effect August 21, 1933, provides that such work may be required as a condition of relief. The work was given respondent Jones as a matter of relief, and he was not an employee under the Workmen's Compensation Act. (*McBurney* v. *Industrial Acc. Com.*, 220 Cal. 124 [30 Pac. (2d) 414].) The case comes squarely within the provisions of section 8a of that act as amended in 1933 (Deering's Gen. Laws, 1933 Supp., p. 1831; Stats. 1933, pp. 809, 2613), which excludes from the definition of employee those who "perform services in return for aid or sustenance only". Section 12½ of that act, added in 1933 (Deering's Gen. Laws, 1933 Supp., p. 1834, Act 4749; Stats. 1933, p. 2615), does not bring within the definition of "employee" one who is performing services as in this case. The words "where an employee is injured while engaged on any unemployment work relief program" cannot be construed as meaning "where one is engaged on any unemployment relief program he becomes thereby an employee within the meaning of this act, notwithstanding the provisions of section 8a hereof". If the legislature intended to enact in substance a section having the meaning which respondent commission seeks to attribute to it, it has failed in its purpose, and the omission will have to be supplied, if at all, by further enactment rather than by a construction not warranted by the language used.

Award annulled.

Stephens, P. J., and Crail, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 4, 1935.