[Civ. No. 9947. Second Appellate District, Division Two.—January 9, 1935.]

STATE COMPENSATION INSURANCE FUND et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and A. H. CHRISTENSEN, Respondents.

F. Britton McConnell for Petitioners.

Everett A. Corten for Respondents.

CRAIL, J.—A. H. Christensen was injured while receiving work relief "as an open welfare case". Except as to dates and names the facts are identical with those in the case of *McBurney* v. *Industrial Acc. Com.*, 220 Cal. 124 [30 Pac. (2d) 414]. █ Under the rule established in that case he was not an employee within the meaning of the Workmen's Compensation Act. █ The contention, based on recent amendments to the act which are designated as sections 8(a) and 12½, that because Christensen was required to work and received cash as part of said aid relief, he was an employee, is fully answered by the case of *County of Los Angeles* v. *Industrial Acc. Com.*, 2 Cal. App. (2d) 614 [38 Pac. (2d) 828]. As Christensen was not an employee, he was not entitled under the law to compensation.

Award annulled.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.